#058403

ORIGINAL

ECF

FILED
AUG 1 4 2003
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| OK's CASCADE COMPANY, a Washington corporation<br><br>v.<br><br>THE UNITED STATES OF AMERICA | No. 03-1917C |

**COMPLAINT**

COMES NOW the plaintiff, OK's Cascade Company (hereinafter "OK's"), and for its Complaint alleges as follows:

**I. PARTIES AND JURISDICTION**

1. OK's is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located in Bellevue, Washington. OK's has performed all conditions precedent necessary to its right to file and maintain this action.

2. Defendant is the United States of America ("Government"), acting by and through its United States Department of Agriculture, Forest Service, National Interagency Fire Center (hereinafter "NIFC").

3. Jurisdiction is proper in the United States Court of Federal Claims by virtue of 41 U.S.C. § 609 and 28 U.S.C. § 1491.

## II. GENERAL ALLEGATIONS

4. On or about May 5, 1999, the Government awarded OK's Contract No. 53-024B-9-2056 (the "Contract"). The Contract covered the period from May 5, 2999 through December 31, 1999. The Contract generally required OK's to provide mobile food service units and services necessary to provide tasty, well-balanced, hot and special meals, sack lunches, and hot and cold canned meals, and supplemental items at various field locations throughout the western contiguous United States during wild land fire and other types of activities.

5. Under its Contact, OK's was to provide mobile food services at six separate locations and for the dates indicated below:

| | **LOCATION** | **DATES** | **OK'S MOBILE KITCHEN Unit No.** |
|---|---|---|---|
| (1) | Albuquerque, N.M. | 05/01 – 06/30 | K-6 |
| (2) | Reno, Nevada | 07/01 – 10/30 | K-6 |
| (3) | Corona, CA | 06/01 – 11/15 | K-14 |
| (4) | Fresno, CA | 06/01 – 11/15 | K-13 |
| (5) | Wenatchee, WA | 06/15 – 10/30 | K-7 |
| (6) | Okanogan, WA | 06/15 – 10/30 | K-4 |

6. Under the Contract, the Government had the option to extend the Contract for one-year periods, but not to exceed four extension periods, *i.e.*, through December 31, 2003. The Government exercised this option and awarded OK's the requirement to provide mobile kitchens at the six locations listed above for Calendar Year 2000.

7. During the 2000 fire season, NIFC dispatched OK's to 32 fires. OK's prepared and served in excess of 576,100 meals to nearly 13,000 individuals during the 2000 fire season.

8. The Contract required NIFC to pay for the meals OK's served at the various locations at rates set forth in the Contract. Although NIFC generally paid OK's in accordance with the Contract, during the 2000 fire season, NIFC's Contracting Officer, Ms. Janet D. McCluskey, took price reductions from money otherwise due OK's for OK's alleged noncompliance with the Contract requirements during four fire incidents.

9. By letter dated February 12, 2001, OK's submitted five claims to recover money the Contracting Officer had deducted from OK's for OK's alleged Contract noncompliance on the Taquitz II, Cerro Grande, Ramsey, and Little Blue fire incidents. OK's filed two separate claims in connection with the Little Blue fire incident. A summary of the claims OK's submitted is as follows:

| OK's Claim # | Fire Incident | Alleged Contract Noncompliance Issue | Amount Deducted |
|---|---|---|---|
| 2000-1 | Cerra Grande Taquitz II | Alleged use of improper egg products—i.e. hard boiled eggs were not Grade A | $5000.00 |
| 2000-2 | Cerro Grande | Hamburger did not meet contract requirements—term "ground beef" not found on label | $1380.00 |
| 2000-3 | Ramsey | Alleged improper packaging of trail mix for use in sack lunches | $1320.00 |
| 2000-4 | Little Blue | Oranges packed in sack lunches allegedly not graded "fancy" | $1200.00 |



F:\CLIENTS\07183\0007\P-JL COMPLAINT USCFC 071830007.doc

| | | | |
|---|---|---|---|
| 2000-5 | Little Blue | OK's refused request to provide additional dining and seating capacity. Government provided and setup the same and backcharged OK's | $3062.00 |

10. By letter dated August 15, 2002, NIFC's Contracting Officer denied OK's Claim Nos. 2000-2, 2000-3, 2000-4, and 2000-5, in their entirety. With regard to OK's Claim No. 2000-1, the Contracting Officer reduced the amount of the deduction from $5,000 to $800.

11. This Complaint is being filed with the Court of Federal Claims within twelve months of OK's receipt of the Contracting Officer's Final Decision and, therefore, it is timely filed under 41 U.S.C. § 609(a)(3).

## III. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

12. OK's realleges the contents of the foregoing paragraphs 1-11 as though set forth in full herein.

13. OK's met all requirements of the Contract with regard to those items for which the Contracting Officer took deductions from monies otherwise due OK's. The Contracting Officer was in error in concluding that OK's performance on the Incidents in question did not meet the requirements of the Contract. The Government breached express and implied obligations which the Government owed OK's under the terms of the Contract. The Government is liable to OK's for the damages resulting from the breaches of its express and implied contractual obligations in an amount to be determined at the time of trial.

## IV. SECOND CAUSE OF ACTION – PENALTIES EXCESSIVE

14. OK's realleges the contents of the foregoing paragraphs 1-13 as though set forth in full herein.

15. The amounts which the Contracting Officer deducted from monies otherwise due OK's bore no reasonable relationship to the actual damages, if any, the Government sustained as a result of OK's alleged defective Contract performance. The amounts deducted by the Contracting Officer constituted penalties, and were not authorized by the Contract or law, or were otherwise excessive.

16. The Government is liable to OK's for the damages OK's incurred resulting from the imposition of Contract deductions which were not authorized by the Contract and law.

## V. DAMAGES

17. OK's realleges the contents of the foregoing paragraphs 1-16 as though set forth in full herein.

18. As a result of the Government's breaches of its Contract with OK's, OK's has been damaged in an amount to be proven at the time of trial. For purposes of this Complaint, OK's alleges that the principal amount of such damages totals $7,762.00, exclusive of interest, costs, expenses, consultant and attorneys' fees to which OK's may be entitled as a matter of law, contract, or equity.

## VI. PRAYER FOR RELIEF

WHEREFORE, having set forth its causes of action against the Government, OK's prays for judgment in its favor against the Defendant, The United States of America, as follows:

1. For monetary judgment against the United States in the principal sum of not less than $7,762.00, the exact amount of which will be proven at trial.

2. For monetary judgment against the United States under 28 U.S.C. § 2412, and to the maximum extent otherwise allowable by law, for prejudgment interest, recovery of all costs, expenses, consultant and expert fees and expenses incurred, plus recovery of all attorney and litigation service provider fees, costs, and expenses incurred by OK's in having to prepare, negotiate, and prosecute this matter.

3. For permission to conform its pleadings to the proof offered at trial.

4. For such other and further relief as the Court deems just, equitable, and proper.

DATED this 13th day of August, 2003.

By ______________________
**John Lukjanowicz**
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101-3930
Phone: (206) 623-3427
Fax: (206) 682-6234
Attorneys for Plaintiff

**Of counsel: James F. Nagle**
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101-3930
Phone: (206) 623-3427
Fax: (206) 682-6234
Attorneys for Plaintiff